United States District Court
Southern District of Texas
**ENTERED**
December 11, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LATORSHA V.,[1] | § § | |
| Plaintiff. | § § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-04199 |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| Defendant. | § § | |

## OPINION AND ORDER

Plaintiff Latorsha V. seeks judicial review of an administrative decision denying her applications for Title II disability and disability insurance benefits and Title XVI supplemental security income under the Social Security Act (the "Act"). Latorsha V. and Defendant Carolyn Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner"),[2] have filed briefs. *See* Dkts. 10, 13. Having reviewed the briefing, record, and applicable law, I affirm the Commissioner's decision.

## BACKGROUND

Latorsha V. filed applications for benefits under Titles II and XVI of the Act on December 1, 2021, alleging disability beginning on July 30, 2021. Her applications were denied and denied again upon reconsideration. On March 8,

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024. Colvin is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). This is Ms. Colvin's second time serving as Acting Commissioner, having previously served as Acting Commissioner from February 14, 2013 through January 20, 2017.

2023, an Administrative Law Judge ("ALJ") held a hearing. On April 11, 2023, the ALJ issued an opinion that Latorsha V. was not disabled. Latorsha V. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

At Step 1, the ALJ found that Latorsha V. "has not engaged in substantial gainful activity since July 30, 2021, the alleged onset date." Dkt. 9-3 at 17.

At Step 2, the ALJ found that Latorsha V. suffers from "scoliosis, degenerative disc disease, ankylosing spondylosis, obesity, rheumatoid arthritis, neuropathy, major depressive disorder, anxiety, posttraumatic stress disorder, and neurocognitive disorder." *Id.* at 17–18.

At Step 3, the ALJ found that Latorsha V. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* at 18.

Prior to consideration of Step 4, the ALJ determined Latorsha V.'s RFC as follows:

> [Latorsha V.] has the residual functional capacity to perform a range [of] light work as defined in 20 CFR 404.1567(b) and 416.967(b). [She] can lift/carry 20 pounds occasionally and 10 pounds frequently, sit for six hours in an eight-hour workday and stand/walk for six hours in an eight-hour workday. She can frequently balance, stoop, bend,

kneel, crawl, crouch, and climb ramps/stairs, but only occasionally climb ladders/ropes/scaffolds. She can understand, remember, and carry out simple, 1-3 step, routine, repetitive tasks, but should have no force pace, assembly line or production rate jobs. She can occasionally deal with the public, relate to workers, and interact with supervisors.

*Id.* at 22.

At Step 4, the ALJ found that "[Latorsha V.] is unable to perform any past relevant work." *Id.* at 36.

Nonetheless, the ALJ elicited testimony from a vocational expert ("VE") that "there are jobs that exist in significant numbers in the national economy that [Latorsha V.] can perform." *Id.* Based on the Medical-Vocational Rules, the ALJ explained that Latorsha V. "has not been under a disability, as defined in the Social Security Act, from July 30, 2021." *Id.* at 37.

## DISCUSSION

Latorsha V. contends that remand is warranted because (1) the ALJ failed to properly evaluate two medical opinions of record, and (2) conducted a defective credibility analysis of Latorsha V.'s subjective complaints. I disagree.

**A.   THE ALJ PROPERLY EVALUATED THE MEDICAL OPINION EVIDENCE**

Because Latorsha V. filed for benefits "on or after March 27, 2017," the ALJ was required to apply the new regulations. 20 C.F.R. §§ 404.1520c, 416.920c. Through the new regulations, the Commissioner revised the standards and procedures for evaluating medical opinions and prior administrative medical findings, abrogating the treating physician rule. As such, "ALJs are no longer required to give controlling weight to the opinions of treating physicians." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-cv-166, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (quotation omitted). Instead, the ALJ considers the persuasiveness of medical opinions from different medical sources. *See* 20 C.F.R. § 404.1520c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (1) supportability; (2) consistency; (3) the source's relationship with the patient; (4) the source's specialty; and (5) "other factors that tend to support or contradict" the opinion. *Id.*

4

§ 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 404.1520c(b)(2).

With respect to "supportability, the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, No. 1:20-cv-261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). "As for consistency, the new rules provide that the greater the consistency between a particular medical source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(3)). "Simply put, consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.*

At a minimum, an ALJ's persuasiveness explanation should "enable[] the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021) (cleaned up). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (quotation omitted).

Latorsha V. takes issue with the ALJ's evaluation of the medical opinions of both Drs. Amber Khan and Thy Nguyen. Both doctors opined that Latorsha V. had, among other things, significant standing/walking restrictions and could lift no more than 10 pounds occasionally. The ALJ found these opinions unpersuasive, in part, because "there was no indication" and "no consistent complaints or objective signs of weakness, atrophy, or disturbance of gait, which would be expected given the extreme restrictions of these opinions." Dkt. 9-3 at 34. Latorsha V. contends that the ALJ was impermissibly "play[ing] doctor" by remarking on these "missing findings." Dkt. 10 at 19 (cleaned up). Yet the Fifth Circuit has held that "[t]he

5

absence in the record of objective factors indicating the existence of severe pain, such as persistent significant limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition justifies the conclusions of the administrative law judge." *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987). Accordingly, I cannot say that the ALJ's analysis of Drs. Khan and Nguyen's opinions was erroneous.[3]

Nor do I find that the ALJ "state[d] an improper standard" when he wrote that Drs. Khan and Nguyen's opinions "were not 'fully supported' by the record." Dkt. 10 at 18. I agree with Latorsha V. that no "policy requires that a medical opinion be fully supported," *id.*, but I disagree that the ALJ's opinion can be read to impart such a high standard. Rather, the ALJ was articulating supportability, as required by the regulations. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Of course, simply stating that the opinions were not fully supported by the record would have, on its own, been insufficient. But the ALJ explained why the opinions were not fully supported—because objective signs of weakness were missing. There is discernible logic between this explanation and the ALJ's persuasiveness finding, and that is all that is required given the conflicting medical evidence.

**B.   THE ALJ PROPERLY EVALUATED LATORSHA V.'S TESTIMONY**

When evaluating a claimant's subjective complaints of pain and other symptoms, the federal regulations and case law provide that "the ALJ must [first] determine whether there is a medically determinable impairment that is capable of producing that pain." *Eovaldi v. Astrue*, 729 F. Supp. 2d 848, 862 (S.D. Tex. 2010). "Once the impairment is found, the ALJ evaluates the intensity, persistence and limiting effects of the symptoms on the claimant's ability to do basic work activities." *Gachter v. Colvin*, No. 4:13-cv-168, 2014 WL 2526887, at *8 (N.D. Tex. June 4, 2014) (citing 20 C.F.R. § 404.1529(c) and SSR 96-7p, 1996 WL 374186, at

---

[3] Latorsha V. highlights that Drs. Khan and Nguyen's medical opinions "support each other, a fact the ALJ never considered." Dkt. 10 at 19. Because the ALJ properly analyzed both opinions, it is irrelevant that two unpersuasive opinions were mutually supportive.

*1). While an ALJ must consider subjective evidence relating to pain and other symptomology, it is within his discretion to "determine credibility and weigh testimony." *Chrisner v. Astrue*, 249 F. App'x 354, 356 (5th Cir. 2007). "An ALJ's unfavorable credibility evaluation will not be upheld on judicial review," however, "where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective medical evidence and articulates reasons for discrediting the claimant's subjective complaints." *Gachter*, 2014 WL 2526887, at *9 (collecting cases). As one district court put it:

> It is not sufficient for an ALJ to make a single conclusory statement that the individual's allegations have been considered, that the allegations are or are not credible, or to simply recite the factors that are described in the Regulations for evaluating symptoms; rather, the ALJ's decision must contain specific reasons for the finding on credibility, supported by evidence of record, that are sufficiently specific to make clear the weight that the ALJ gave to the claimant's subjective complaints and the reasons therefor.

*Murphy v. Colvin*, No. 14-1110, 2015 WL 5060131, at *6 (E.D. La. Aug. 25, 2015). Here, the ALJ made much more than a conclusory statement.

After recounting Latorsha V.'s testimony and medical records in great detail, the ALJ wrote that:

> [Latorsha V.'s] allegations of severity are not fully consistent with the objective evidence. Although the evidence indicates a degree of impairment, the overall record does not fully support her allegations of frequency, intensity or duration. At the hearing, [Latorsha V.] reported that she [had] lots of pain and weakness in her hands, feet, legs, arms, back, neck and shoulders, which was worse at night and interfered with sleep. While these complaints mirror some of her reports to providers in the treatment record, the undersigned notes that [Latorsha V.]'s physical examinations do not demonstrate these symptoms on a consistent basis. While there are findings of tenderness and decreased range of motion, there are no objective signs of weakness, atrophy, disturbance of gait or sleepiness. Additionally, the record documents that [Latorsha V.]'s objective signs of numbness were effectively treated and that her pain was generally rated as a 5/10, which is moderate.

Dkt. 9-3 at 35. This is far from a conclusory evaluation of Latorsha V.'s testimony. It is the ALJ's job to make credibility and weight determinations. I can reverse the Commissioner's findings only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (cleaned up). That is not the case here.

Finally, Latorsha V. argues that the ALJ should have addressed her "exemplary work history." Dkt. 10 at 22. I certainly understand why she wishes the ALJ would have explicitly referenced her work history in his decision. But as the Commissioner notes, "the Fifth Circuit has not adopted a rule mandating work history as a favorable credibility factor and this district has also not found it to be mandatory." Dkt. 13 at 18; *see also Sanchez v. Berryhill*, No. M-16-030, 2017 WL 2117526, at *9 (S.D. Tex. Mar. 31, 2017) ("[T]he ALJ was not required as a matter of law to draw . . . a favorable credibility inference from Plaintiff's work history (particularly to the exclusion of other evidence record)."). Accordingly, the ALJ did not err in failing to explicitly discuss Latorsha V.'s work history.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is affirmed. A final judgment will issue separately.

SIGNED this \_\_\_\_ day of December 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE